UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-376-FDW

| | |
|---|---|
| DARRYL BOYD ADKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WASHBURN, ) | |
| FNU KALOWNSKI, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff has been granted in forma pauperis status. (Doc. No. 5).

### I. BACKGROUND

Pro se Plaintiff Darryl Boyd Adkins, a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on November 15, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants: (1) FNU Washburn, identified as a sergeant at Marion; and (2) FNU Kalownski, identified as a correctional officer at Marion. Plaintiff alleges the following in the Complaint:

Sgt. Washburn was involved in when he grabbed me by the throat with one hand and the other hand he grabbed me by my shirt and try to push me back in my cell . . . and that I was still handcuff behind my back and this took place on August 28, 2016 at 6:30 am at D Unit/E Block cell. . . . That Sgt. Washburn was not professional about it like a officer supposed to be trained to do. I was only coming out for recreation and I only stated to Sgt. Washburn coming out my cell that "If you going to beat my ass like you was to do on August 27th the day before why don't you do it now while the camera video footage is recording everything in D Unit E Block." And by that statement I said to Sgt. Washburn he assaulted me and forcefully push me on the floor while the other officer

1

Kalownski help Sgt. Washburn put me on the ground in front of my cell doorway, that's when I manage a knee by Sgt. Washburn in my stomach that what made me fall to the ground in front of my cell doorway and that's when Sgt. Washburn was bending my left and right wrist trying to break my arm (wrist) and at the same time he still got his knee on my back and that when Sgt. Washburn punch me (2) times on my left eye and that's when Ofc. Kalownski pull out his O.C. pepper spray threatened to spray me if I move, so Sgt. Washburn lift me up off the ground he still bending my left and right wrist trying to break it while I am still in handcuffs from the back, and outside my cell door in the middle of D-unit E-Block Sgt. Washburn forcefully push me back down the ground while the camera watching everything. And Sgt. Washburn punch me (2) times (more) in my left eye and once again Ofc. Kalownski placing the pepper O.C. spray can towards my face still threatening me he will spray me if I resist. So all this took place on Sunday 6:30 am August 28th 2016. D-unit E Block cell 3E-3 and outside my cell in the middle of D Unit E Block. The incident took place at Marion Corr. D-Unit E-block August 28th 2016.

Officer Kalownski has proven also unprofessional because I was no threat to him or Sgt. Washburn of any kind of manner. Because I was still handcuffed from the back all at the same moment when this excessive force took place on August 28th 2016 at 6:30 am and Mr. Kalownski was wrong by pulling out his O.C. pepper spray to spray me if I would've resist, which I never resist or show no indication of no threat to Ofc. Kalownski during this . . . excessive use of force on August 28th 2016 at 6:30 am at D-Unit, E-Block at cell door 3E-3 and in the middle of D Unit E Block where the . . . excessive use of force has continued at by Ofc. Kalownski and Sgt. Washburn.

(Doc. No. 1 at 3-4) (grammatical errors in original). Based on the above factual allegations, Plaintiff alleges that Defendants used excessive force against him in violation of Plaintiff's Eighth Amendment rights. Plaintiff seeks declaratory and injunctive relief as well as compensatory damages. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As noted, Plaintiff purports to bring an Eighth Amendment claim against both Defendants based on alleged use of excessive force against Plaintiff on August 28, 2016. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely

because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

Taking Plaintiff's allegations as true for the purposes of initial review, the Court finds that Plaintiff's excessive force claim cannot survive initial review because, although Plaintiff alleges that Defendants used excessive force against him, he has alleged no facts in the Complaint whatsoever showing that he suffered any actual injuries as a result of the alleged excessive force. A plaintiff purporting to bring an excessive force claim must allege an actual injury caused by the defendants' acts. Plaintiff has simply not done that in his Complaint. Accord Acosta v. City of New York, No. 11 Civ. 856(KBF), 2012 WL 1506954, at **10-11 (S.D.N.Y. Apr. 26, 2012) (dismissing an excessive force claim where the plaintiff alleged that he was punched in the chest and thrown to the ground face-first, but where he did not allege any specific physical injury); Wims v. New York City Police Dep't, No. 10 Civ. 6128(PKC), 2011 WL 2946369, at *5 (S.D.N.Y. July 20, 2011) (dismissing the excessive force claim, noting that "[t]here is no assertion that having been "thrown flat on [his] face unto the filthy ground" resulted in any specific or identifiable physical or mental injury and harm beyond a conclusory

4

assertion which, standing alone, is insufficient under Twombly and Iqbal."); Campbell v. Gibb, No. 10-6584, 2011 WL 2669965, at *7 (D.N.J. July 7, 2011) (holding that plaintiff failed to state an excessive force claim where complaint did not allege what injuries plaintiff sustained). The Court will, however, dismiss the action without prejudice so that Plaintiff can refile this action if he so wishes to correct the deficiencies in the Complaint.

## IV. CONCLUSION

In sum, this action is dismissed without prejudice on initial review.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice on initial review.

2. The Clerk is directed to terminate this action.

Signed: December 22, 2016

Frank D. Whitney
Chief United States District Judge